```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION


IDRISSA KABBA,                       :

     Petitioner,                     :

v.                                   :
                                         CIVIL ACTION 08-0580-CB-M
ERIC HOLDER,[1]                      :
JANET NAPOLITANO,[2]
WARDEN DAVID O. STREIFF,[3]          :
BART RODRIGUEZ,
                                     :
     Respondents.
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2241 by Idrissa Kabba, a citizen and native of Sierra Leone, who has been detained by the U.S. Department of Homeland Security (Doc. 1).  This action has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c) and is now ready for consideration.  The record is adequate to determine Petitioner's claims; no evidentiary hearing is required.  It is recommended

---

[1] On February 3, 2009, Eric Holder became the Attorney General for the United States and should, therefore, be substituted for Michael Mukasey, pursuant to Fed.R.Civ.P. 25(d)(1).

[2] On January 21, 2009, Janet Napolitano became the Secretary of the Department of Homeland Security for the United States and should, therefore, be substituted for Michael Chertoff, pursuant to Fed.R.Civ.P. 25(d)(1).

[3] Petitioner has been in the actual custody of David O. Streiff, Warden of the Perry County Correctional Center in Uniontown, Alabama. "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody with the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

that the instant petition be dismissed.

In his petition, Petitioner asserts that he was taken into custody by agents of the U.S. Bureau of Immigration and Customs Enforcement (hereinafter *ICE*), on November 11, 2007, pursuant to a finding that he should be removed from this country (*see* Doc. 1, p. 2). Petitioner maintains that he has been detained for too long and that such detention is improper (*id.* at pp. 4-6). Kabba seeks release from custody (*id.* at p. 6). Petitioner filed this action on October 6, 2008 (Doc. 1).

Respondents subsequently filed an Answer, stating that Petitioner is being detained through his own failure to cooperate with United States authorities (Doc. 11). More specifically, Respondents assert that Kabba has refused to provide documents which are necessary for his deportation and that he asked Embassy officials not to issue travel documents on his behalf (Doc. 11, pp. 2-3). Respondents argue that Petitioner's confinement is proper, in light of Kabba's obstruction of the legal process, and that this action should be dismissed (*id.* at pp. 4-6).

Achilles Shinas, an ICE Deportation Officer, declared that Petitioner's case is assigned to him, and that the following statements are based on ICE records or personal knowledge (Doc. 11, p. 10, ¶¶ 1-2). A travel request on Kabba's behalf, which included Petitioner's birth certificate and national identity card, was made on November 21, 2007 to the Embassy of Sierra Leone (*id.* at p. 11, ¶ 6). Kabba was interviewed, by telephone,

on January 10, 2008, by an official from that Embassy; Petitioner provided requested information initially, but when questioned about his desire to return to his native country, "Kabba started to plead with the official to not issue a travel document on his behalf" (*id.* at p. 11, ¶ 8).  "Following the interview, the [E]mbassy [O]fficial stated that he was not ready to issue a travel document and that further inquiry abroad would be necessary to verify Kabba's information" (*id.* at p. 11, ¶ 9). More recently, on December 16, 2008, efforts were begun anew to secure travel documents for Kabba during which he cooperated (*id.* at p. 11, ¶ 12).

The United States Supreme Court, in *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001), held that 28 U.S.C. § 2241 confers jurisdiction on federal courts to entertain actions such as this. In interpreting 8 U.S.C. § 1231,[4] the *Zadvydas* Court held that

---

[4] The Court notes that 8 U.S.C. § 1231, entitled "Detention and removal of aliens ordered removed," states, in pertinent part, as follows:

> (a) Detention, release, and removal of aliens ordered removed
>     (1) Removal period
>         (A) In general
>             Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>         (B) Beginning of period
>             The removal period begins on the latest of the following:
>                 (i) The date the order of removal becomes administratively final.
>                 (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date

3

the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Court went on to hold that "six months [was] a presumptively reasonable period of time to detain a removable alien awaiting deportation" pursuant to § 1231. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002). The *Zadvydas* Court further stated, however, that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

In *Akinwale*, the Eleventh Circuit Court of Appeals held that the six-month-period "must have expired at the time [the Petitioner's] petition was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052. The *Akinwale* Court also noted that the six-month-period could be interrupted by a

---

          of the court's final order.
        (iii) If the alien is detained or confined
          (except under an immigration
          process), the date the alien is
          released from detention or
          confinement.
    © Suspension of period
      The removal period shall be extended beyond a
      period of 90 days and the alien may remain in
      detention during such extended period if the
      alien fails or refuses to make timely
      application in good faith for travel or other
      documents necessary to the alien's departure or
      conspires or acts to prevent the alien's removal
      subject to an order of removal.

8 U.S.C.A. § 1231.

petitioner's motion for a stay of deportation or removal; this interruption would necessarily include whatever time was needed for the court, to which such motion had been made, to rule. *Akinwale*, 287 F.3d at 1052 n.4.

This Court notes that statutory language, previously set out, allows for a petitioner's detention period to be extended "if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)©.  The Ninth Circuit Court of Appeals, in *Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003), addressed this issue in a similar case and held the following:

> The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in *Zadvydas* does not exist when an alien is the cause of his own detention.  Unlike the aliens in *Zadvydas*, Pelich has the "keys [to his freedom] in his pocket" and could likely effectuate his removal by providing the information requested by the INS.

*Id.* (*citing Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999).

The Court concludes that Kabba has obstructed the removal process and that his actions have led to his continued detention. As such, Petitioner cannot prove that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  The Court finds that Kabba's

5

continued detention is not improper under 8 U.S.C. § 1321(a)(1)©.

Therefore, it is recommended that this action be dismissed and that judgment be entered in favor of Respondents Eric Holder, Janet Napolitano, David O. Streiff, and Bart Rodriguez and against Petitioner Idrissa Kabba.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 19th day of March, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE